IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REN JUDKINS                           )
           Plaintiff,                 )
                                      )
     v.                               ) Civil Action No. 07-0251
                                      )
HT WINDOW FASHIONS CORP.,             )
           Defendant.                 )

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                October 13, 2007

   This is a patent infringement suit.  Plaintiff alleges that defendant's window covering products infringe his patent in violation of the Patent Act, 35 U.S.C.A. § 1, et seq.  Plaintiff seeks injunctive relief, damages, and attorneys fees.  Defendant has brought counterclaims alleging that plaintiff's patents are invalid, unenforceable, and not infringed.  Defendant has also brought counterclaims alleging unfair competition, interference with prospective economic advantage, business disparagement, and trade libel.

   We previously denied plaintiff's motion to dismiss defendant's patent-related counterclaims due to an alleged lack of subject matter jurisdiction [doc. no. 28].  We also denied defendant's motion for a preliminary injunction to enjoin plaintiff from distributing patent infringement notification letters.  Defendant has appealed that ruling [doc. no. 29].

Now, plaintiff has moved to dismiss Counts IV through X of defendant's counterclaim for failure to join an indispensable party [doc. no. 35]. Plaintiff contends that the unfair competition and business tort claims cannot be adequately adjudicated without Nien Advanced Solutions ("NAS"), one of plaintiff's licensees, being made a party to this action. For the reasons set forth below, the motion will be denied.

We summarized the general factual background of this case in our previous opinion [doc. no. 28]. The facts relevant to the pending motion to dismiss are not in dispute. Defendant claims that plaintiff engaged in unfair competition, under Federal, California, and Pennsylvania law, intentional and negligent interference with prospective economic advantage, business disparagement, and trade libel by notifying members of the window coverings industry that defendant was infringing his patents. In its counterclaim, defendant identifies NAS as a licensee of plaintiff, ¶12, and states that on one occasion an NAS official provided a copy of plaintiff's patent infringement notification letter to one of defendant's customers, ¶25. These are the only two times that NAS is mentioned in the nearly 20 page counterclaim. Defendant asks for no relief against NAS.

However, according to plaintiff, NAS is an indispensable party because plaintiff will not be able to "verify movement" of the notification letter at trial, and the court will not be able to "structure an adequate remedy...to prevent distribution of" the notification letter without NAS being named as a party [doc. no. 36, p. 3]. In plaintiff's words "NAS, not [plaintiff], is the party that committed the conduct complained of in counts IV-X." [doc. no. 36, p. 3]. Finally, because "[defendant] informed the Court...that NAS would be added as a party to this action for counts IV-X of [defendant's] counterclaims" the court must deem NAS to be an indispensable party. The flaws in plaintiff's argument are both factual and legal.

Factually, the allegations of defendant's counterclaim go far beyond accusing NAS of giving the letter to one customer. The remaining 68 factual averments all address plaintiff's, and his attorney's, conduct. The seven causes of action set forth in Counts IV through X are based on plaintiff's, and his attorney's, conduct. Defendant asks for damages from plaintiff and an injunction against plaintiff's conduct. The fact that defendant added a factual detail to its counterclaim explaining that one letter was given to its customer by plaintiff's licensee does not transform the counterclaims against plaintiff into counterclaims

against that licensee. Plaintiff simply mischaracterizes the content of the counterclaim.

Furthermore, defendant never informed this court that it intended to add NAS as a party to its counterclaims. Prior to this case being filed, our defendant sued plaintiff in California federal court. The allegations made and causes of action asserted in the California complaint are essentially the same as the allegations made and causes of action asserted in defendant's counterclaim in this case. What defendant did was notify the California court that it intended to add NAS, a California company, as a defendant in the California case. Thereafter, however, the California court transferred that case to this court. Even though the California case has been consolidated with this action, the fact that defendant intended to permissively join its claims against NAS with its claims against plaintiff in California is not an admission that NAS is an indispensable party here. Compare Fed. R. Civ. P. 19(b) and 20(a).

Putting aside these factual deficiencies, we assess the legal merits of plaintiff's motion to dismiss. We find that because NAS is not a necessary party under Rule 19(a), it cannot be deemed an indispensable party under Rule 19(b). Temple v. Synthes Corp., Ltd., 498 U.S. 5, 8 (1968); In re Cambridge

Biotech Corp., 186 F.3d 1356, 1372 (Fed. Cir. 1999); Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 405 (3d Cir. 1993). Under Rule 19(a), a person is a necessary party if: (1) complete relief cannot be accorded in the person's absence; or (2) the person claims an interest relating to the subject of the action and the person's absence may (i) impair that person's ability to protect that interest or (ii) leave an existing party subject to a substantial risk of double or inconsistent obligations. Fed. R. Civ. P. 19(a); Janney, 11 F.3d at 405. None of these factors are satisfied as to NAS in this case.

      Defendant can obtain complete relief, both monetary and injunctive, without NAS being a party. As to monetary recovery, even assuming that NAS is a joint tortfeasor with plaintiff, this does not affect defendant's ability to obtain a full recovery against plaintiff in this case. NAS's possible liability to plaintiff is a separate matter. While plaintiff could have attempted to bring NAS into this case in order to make claims for contribution or indemnity, it chose not to do so. However, that choice has no impact on whether NAS is a necessary party. Defendant can obtain adequate monetary relief against plaintiff without NAS being made a party.

5

Defendant can also obtain adequate injunctive relief even in NAS's absence.  Under Rule 65 injunctions can be issued against parties, their agents, and those in "active concert or participation with them."  Fed. R. Civ. P. 65(d).  Thus, assuming any injunctive relief is deemed necessary, the court can formulate an effective injunction against plaintiff, and any person plaintiff might combine with to distribute the letter.  Furthermore, the court could also direct plaintiff, a party, to take reasonable steps to prevent further distribution of his attorney's letter.  It is illogical, and unworkable, however, to require that any person who ever received the letter and showed it to another person be made a party to this action.  Plaintiff drafted the letter, with his counsel's assistance.  Plaintiff sent the letter to licensees, manufacturers, distributors, and customers.  To the extent defendant proves that plaintiff engaged in unfair competition, or a business tort, by doing so, the court can craft an appropriate, and complete, remedy against plaintiff.  Thus, we find that complete relief can be provided in this case without NAS being a named party.

We likewise find that NAS does not claim an interest relating to the infringement notification letter that cannot be protected, or that leaves plaintiff subject to a risk of double or inconsistent obligations in NAS's absence.  NAS's interest in the letter has been established, and is undisputed: when NAS is selling its blinds and a customer asks about patent protection, it needs something to show the customer to prove that the products being sold have patent protection.  Currently, NAS satisfies this need by giving customers the infringement notification letter that is the subject of defendant's counterclaims.  However, this is not the only way to satisfy this interest.

Licensees want to sell blinds in order to make money.  Plaintiff wants his licensees to sell blinds in order to increase his own income.  Plaintiff knows that his licensees may need a statement of patent protection in order to sell blinds.  Plaintiff has the same interest in such a letter as any licensee.  And NAS's individual interest in such a letter is no different than any other licensee's interest in it.  Plaintiff has a sufficient incentive to protect this interest, and obtain a ruling from this court allowing him, and his licensees, to continue distributing the letter.  NAS claims no interest

relating to the subject of this action that is impaired, or unprotected, in its absence.

Moreover, NAS's absence does not subject plaintiff to the risk of double liability or conflicting obligations. As we discussed above, to the extent any monetary fine is levied on plaintiff for acts jointly committed by plaintiff and NAS, plaintiff will have the right to seek recovery from NAS directly. There is no risk to plaintiff of double liability.

Nor will any injunctive relief this court might issue against plaintiff raise a risk of conflicting obligations upon him. Plaintiff wrote the infringement notification letter, or directed his attorney to do so. If this court were to direct plaintiff to stop distributing the letter, and to take steps to ensure that it is not further distributed by third parties, and he did so, NAS's independent decision to distribute the letter would be unrelated to plaintiff. In such a case, NAS would be subject to an obligation, or potential liability, not plaintiff.

Because we find that complete recovery can be granted without NAS being named as a party and because NAS does not claim an interest relating to the patent infringement notification letter that cannot be protected in NAS's absence, or leaves plaintiff subject to a risk of double or inconsistent obligations in NAS's absence, NAS is not a necessary party. If NAS is not a

...
...
...

necessary party, NAS cannot be an indispensable party, and consideration of the factors under Rule 19(b) is not necessary.

However, even were we to conduct an indispensable party analysis, we would conclude that NAS is not an indispensable party. Although Rule 19(b) lists four factors to consider in making this determination, the indispensable party analysis is flexible and the decision is ultimately discretionary. Cambridge, 186 F.3d at 1372; Janney, 11 F.3d at 405. As to the first two Rule 19(b) factors, any judgment rendered in NAS's absence would not be prejudicial to NAS, plaintiff, or defendant, especially in light of the court's ability to shape the relief to lessen any prejudice. There is no prejudice as to monetary relief, as discussed above. Any risk that NAS would, independently of plaintiff, continue distributing the letter after this court ordered plaintiff to direct past recipients to stop doing so would not subject plaintiff to repetitive liability in this case. Rather, NAS would be solely responsible for any further, and independent, acts of unfair competition. As to the third factor, we have already determined that relief in NAS's absence, both monetary and injunctive, would be adequate. And finally, defendant would not have an adequate remedy were this case dismissed. Plaintiff has already succeeded in getting defendant's California action transferred to this court. Given

that defendant asserts claims under the Lanham Act, and challenges the validity of patents issued under the Patent Act, California state courts would not be an alternative forum.  In short, were this action dismissed, defendant could be left with no remedy against plaintiff.  Because all four factors would weigh in favor of not finding NAS to be an indispensable party, the analysis, even were it necessary, would reach the same result; that this case can proceed in NAS's absence.

As such, plaintiff's motion to dismiss [doc. no. 35]  is DENIED.

BY THE COURT:

_____, J.

cc:    All Counsel of Record

10