IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REN JUDKINS<br>    Plaintiff,<br><br>v.<br><br>HT WINDOW FASHIONS CORP.,<br>    Defendant. | )<br>)<br>)<br>) Civil Action No. 07-0251<br>)<br>)<br>) |

## MEMORANDUM and ORDER

This is a patent infringement and unfair competition case. Plaintiff, Ren Judkins, has filed a motion for entry of a case management order [doc. no. 56]. Primarily, the parties disagree on when expert reports should be exchanged, as well as when certain pre-trial filings should be made.

Judkins has already provided HT Windows with an expert report, claiming that it was required to do so under this court's Local Patent Rules. According to Judkins, to the extent HT Window Fashions has missed, or will miss, its deadline under the Local Rules, it should be barred from using any expert testimony in this case. HT Windows believes that the scheduling arrangement previously agreed to by counsel should continue. We agree with HT Windows.

The parties submitted a Joint Report of the Parties pursuant to Federal Rule of Civil Procedure 26(f) on

May 1, 2007. In that filing, the parties presented a list of proposed dates regarding, among other things, expert discovery. Each of these dates was triggered by the fact discovery cut-off date. The fact discovery cut-off date was, in turn, triggered by when the court issued its claim construction ruling. The court issued its claim construction opinion on January 31, 2008. Therefore, under the agreed upon schedule, fact discovery was to close on March 31, 2008. The parties have now agreed, however, that fact discovery will be completed by May 30, 2008.

The Rule 26(f) Report reflects that the parties addressed the scheduling of expert discovery at the outset of this case. Judkins has not indicated that circumstances have changed requiring that the agreed upon schedule be modified. In fact, Judkins does not acknowledge this previous agreement in his motion. The court will enter a Case Management Order in accordance with the dates previously agreed to by the parties, as modified by their current agreement as to when fact discovery should close. Any expert disclosures already made are hereby stricken, without prejudice to disclose them at the appropriate time.

Moreover, the parties agreed in the case management order to participate in a Post-Discovery Status

after the close of expert discovery. As such, the court will not schedule any dates for dispositive motions, or pre-trial filings at this time. Such matters will be discussed at the Post-Discovery Status Conference. The parties are advised that the court will also address the possibility of settlement and using alternative dispute resolution at this Conference. Finally, the parties should be prepared to discuss, substantively, whether dispositive motions are appropriate in this case, and on what particular basis.

An appropriate Case Management Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REN JUDKINS<br>　　　Plaintiff,<br><br>　　　v.<br><br>HT WINDOW FASHIONS CORP.,<br>　　　Defendant. | )<br>)<br>)<br>) Civil Action No. 07-0251<br>)<br>)<br>) |

ORDER

AND NOW, this 19th day of March, 2008, IT IS HEREBY ORDERED that:

(1) The parties shall complete all fact discovery, including damages discovery, by May 30, 2008. All interrogatories, notices of depositions, requests for admissions, and requests for production shall be served within sufficient time to allow responses to be completed and served prior to the close of discovery.

(2) Each party shall make its initial expert witness disclosures, as required under Rule 26, on the issues on which each bears the burden of proof by June 30, 2008.

(3) Each party shall make its initial expert witness disclosures, as required under Rule 26, on the issues on which the opposing party bears the burden of proof by <u>July 30, 2008</u>.

(4) Rebuttal expert witness disclosures are to be made by <u>August 11, 2008</u>.

(5) Expert depositions shall begin no earlier than <u>August 18, 2008</u>, and shall be completed no later than <u>September 19, 2008</u>.

(6) A Post-Discovery Status Conference is scheduled for <u>October 3, 2008 at 10:00 a.m.</u> The parties shall be prepared to discuss settlement and the possibility of using a method of alternative dispute resolution. The parties are also advised that the court will schedule the following at this Conference: (1) the dates by which dispositive motions will be filed, if such motions are deemed appropriate at the Conference; (2) the dates by which pre-trial statements, proposed voir dire, and proposed points for charge will be filed; (3) the dates by which motions <u>in limine</u> shall be filed and responded to; (4) dates by which <u>Daubert</u> motions shall be

5

filed and responded to; (5) dates on which argument on <u>Daubert</u> motions and motions <u>in limine</u> shall be heard; (6) dates for the final pre-trial conference; and (7) trial dates.

BY THE COURT:

_____, J.

cc:     All Counsel of Record