IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REN JUDKINS<br>        Plaintiff,<br><br>    v.<br><br>HT WINDOW FASHIONS CORP.,<br>        Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 07-0251<br>)<br>) |

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                       September 18, 2008

This is a patent infringement suit. Pending before the court are several discovery motions. First, is defendant's motion to compel responses to interrogatories and document requests [doc. no. 62]. Related thereto is defendant's motion for leave to file a reply brief [doc. no. 66]. Second, is plaintiff's motion for leave to take discovery of a non-party [doc. no. 68]. We grant defendant's motion to compel, in part, allowing limited additional discovery of plaintiff's licensing activity, and deny all other motions.

A. Defendant's Motion to Compel

HT contends that Judkins has failed to adequately respond to its Third Set of Interrogatories and Second Set of Document Requests in two general areas: (1) conception, reduction to practice, and diligence; and (2) licensing activity. We find

that Judkins has fulfilled its duty to respond to HT's discovery requests on the issues of conception, reduction to practice, and diligence. However, we find that Judkins must produce some additional information on its licensing activity.

As an initial matter, we deny the motion for leave to file a reply brief as to this matter [doc. no. 66]. The court does not need extended briefing to resolve a basic discovery dispute.

1. <u>Conception, Reduction to Practice and Diligence</u>

HT contends that Judkins has failed to adequately respond to Interrogatories 14, 15, 17, 18, and 22, all of which seek information regarding when Judkins conceived of his inventions and reduced them to practice, and his diligence in doing so. Judkins filed responses to these interrogatories identifying relevant dates and documents. He later supplemented his answers to certain of the disputed interrogatories. Nevertheless, HT argues that the responses are insufficient and incomplete, and that Judkins should be compelled to provide more specific answers.

As an initial matter, Judkins had a duty under this court's Local Patent Rules to produce, or make available for copying, "[a]ll documents evidencing the conception, reduction to practice, design, and development of each claimed invention" as

part of his Initial Disclosures. LPR 3.1(a)(1). We presume that Judkins fulfilled that duty shortly after this case began.

Moreover, the court has reviewed HT's discovery requests and Judkins's responses. Judkins responded to HT's discovery requests by identifying dates, documents, models, and contact names relating to the issues of conception, reduction to practice, and diligence. The court finds no indication that Judkins has evaded his duty to respond to discovery requests.

HT's real argument is that Judkins's responses are insufficient to prove an earlier invention date under the applicable legal standards. HT reveals as much in its brief, by arguing that Judkins's responses fail to "establish the dates of conception or reduction to practice for each [claim]," lack corroboration, and "show only a single cell honeycomb structure, not the double-cell structure." These arguments direct the court toward resolving disputed issues on the merits, and, as such, go beyond the purview of a discovery motion. The sufficiency of Judkins's evidence is a matter to be resolved in another context. From the standpoint of a discovery motion, we find that Judkins has answered the interrogatories, and an order to compel further responses is not warranted. The motion to compel is denied as to Interrogatories 14, 15, 17, 18, and 22.

## 2. Licensing

HT seeks to compel responses to an interrogatory and a document request that sought information regarding Judkins's licenses, or proposed licenses, for window coverings. Judkins provided licensing information related to the patents in suit, but has refused to produce evidence related to any other type of product (such as Venetian blinds, roller shades, and pleated shades). HT seeks licensing information on such products, claiming that Judkins cannot unilaterally determined what technology and patents are comparable to the patents in suit for purposes of calculating damages.

Both parties agree that licenses covering "comparable patents" could be relevant to a damages determination. However, the parties disagree as to what patents, or products, are comparable, and more fundamentally, how the question of whether a product is comparable will be determined. Again, to a large extent, this discovery motion raises substantive issues. We can expect much argument and evidence on what products may be considered comparable to the cellular shades at issue in this case in the context of damages calculations. However, we cannot make a final determination on that issue now.

But, we must determine the appropriate scope of discovery, which we know is broad, and goes beyond evidence that will be

4

admissible at trial. Therefore, we will require Judkins to produce limited additional information in response to the disputed interrogatory and document request. Judkins must identify the essential terms of licenses, or proposed licenses, for any of his patents or products that meet the definition of a "shade for covering a window", as set forth in this court's claim construction opinion. This information shall be provided only for the years 2003 through 2008. Thus, HT's motion to compel answers to Interrogatory 21, and Document Request 50 is granted, in part.

### B. Plaintiff's Motion to Take Discovery

Judkins asks this court for leave to take discovery of Blinds to Go for the limited purpose of determining the amount and circumstances surrounding sales made to it by Teh Yor, HT's Taiwanese supplier. Judkins intends to issue a subpoena to Blinds to Go requesting documents and scheduling a deposition regarding these sales.

Judkins's motion is actually a motion to extend the discovery deadline. Fact discovery closed on May 30, 2008. Judkins would not have been required to seek leave to issue the proposed third party subpoena had he done so prior to that date. However, he did not, and now must seek an extension of the

discovery period in order to do so. We find that the circumstances do not warrant an extension.

Judkins learned of the Teh Yor sales at a May 2, 2008 deposition. Although Judkins asked for, and received, documents from HT regarding the Teh Yor-Blinds to Go transaction, Judkins claims that it must obtain discovery directly from Blinds to Go because, among other things, any information gained indirectly from Teh Yor or Blinds to Go, through HT, would "be of questionable reliability and may not be admissible evidence in the form provided." To the extent these are the factors that justify Judkins's need to obtain discovery directly from a third party, those factors existed on May 2, 2008. However, Judkins did not seek to issue the subpoena until the end of August.

Even apart from concerns regarding the authenticity and reliability of information obtained from HT, Judkins also knew on May 2nd that HT did not have the Blinds to Go sales information that he sought. Mr. Miles stated at his May 2nd deposition that he did not have documentation on the Teh Yor sales, and would have had only limited direct communication with Blinds to Go. Hence, Judkins knew at that time that he would need to obtain information directly from Blinds to Go, or Teh Yor, regarding this matter. However, he made the decision not to seek this information before the discovery period ended. He also made the

decision not to move to extend the discovery period before it expired.

In fact, Judkins did not seek an extension until more than three months later. The fact that the parties were communicating during this time regarding HT's document production is irrelevant. Regardless of whether the parties were able to resolve the issues surrounding HT's document production on this issue, Judkins's asserted reasons for needing to obtain information directly from Blinds to Go existed as of May 2nd, and did not change after that date. Because Judkins has provided no justification for his delay, we deny the motion to extend the discovery deadline in order to issue a subpoena to a third party.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REN JUDKINS )
        Plaintiff, )
)
v. ) Civil Action No. 07-0251
)
HT WINDOW FASHIONS CORP., )
        Defendant. )

ORDER

AND NOW, this 18 day of September, 2008, IT IS HEREBY ORDERED that:

HT's motion for leave to file a reply brief [doc. no. 66] is DENIED;

HT's motion to compel [doc. no. 62] is DENIED as to Interrogatories 14, 15, 17, 18, and 22, and is GRANTED, IN PART, as to Interrogatory 21 and Document Request 50, in accordance with the court's memorandum of this date; and

Judkins's motion for leave to take discovery [doc. no. 68] is DENIED.

BY THE COURT:

*[signature]*

cc: All Counsel of Record