IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REN JUDKINS,                    )
                                )
        Plaintiff,               )
                                )
    v.                          )   Civil Action No. 07-0251
                                )
HT WINDOW FASHIONS CORP.,       )
                                )
        Defendant.               )

MEMORANDUM and ORDER

Gary L. Lancaster,                              June 25, 2009
U.S. District Judge

      This is a patent infringement case. By a memorandum and order dated May 19, 2009, the court denied both parties' motions for summary judgment [doc. no. 109]. HT has now filed a motion for reconsideration [doc. no. 111]. HT contends that it is "in the interest of judicial economy to correct" two alleged errors of law made by the court in its summary judgment opinion. HT identifies the first error of law as "...the Court's statement that the process by which an accused product is manufactured is relevant to the question of infringement of an *apparatus* claim." According to HT, the second error is "...the notion that the invention date affects an invalidity analysis based on patents and publications that qualify as prior art under 35 U.S.C. § 102(b)." Neither of these alleged errors warrants the relief requested, and therefore, the motion will be denied.

As to the first alleged error, the objection raised by HT in its motion for reconsideration of our summary judgment opinion is, in reality, an objection to our claim construction opinion. We relied heavily on the doctrine of prosecution disclaimer in that opinion, and found that a "single sheet of folded material" limitation applied to the patents in suit. [doc. no. 55 at 11-18]. We explained that the single sheet of folded material limitation included a sheet of fabric that was either glued and then cut after folding, or cut and then glued after folding. [doc. no. 55 at 13-14]. As such, the manufacturing process of the accused device was necessarily implicated by our claim construction. However, it is too late for HT to object to that construction, or its necessary implications to the infringement analysis, in this court. Nor can it transform its belated objection to that claim construction into an alleged error of law regarding the proper infringement analysis to apply to a process claim versus an apparatus claim under the guise of a motion for reconsideration of an order denying a motion for summary judgment. The court will not reconsider its summary judgment opinion based on this first alleged error of law.

As to the second alleged error, the court adheres to its earlier finding that there are material issues of fact preventing entry of judgment as a matter of law on the issue of invalidity. Nothing in HT's motion changes that finding. Even accepting as true HT's statement that certain references can qualify as prior art under section 102(b) without determining the actual date of invention, our conclusion does not change. We have reviewed the arguments and factual submissions of the parties on the issue of invalidity anew and confirm that there are material facts in dispute that preclude entry of summary judgment and that HT has not satisfied its heavy burden to prevail on the issue of invalidity at the summary judgment stage. Eli Lilly & Co. v. Barr Labs., Inc., 251 F.3d 955, 962 (Fed. Cir. 2001) (moving party "must submit such clear and convincing evidence of invalidity so that no reasonable jury could find otherwise"). Here, the evidence, which is at times conflicting, must be submitted to a fact finder. If that evidence is such that the fact finder is left with only one reasonable conclusion, judgment as a matter of law can be entered at that time. However, we deem this case inappropriate for summary disposition at this juncture.

Therefore, AND NOW, this 25th day of June, 2009, IT IS HEREBY ORDERED that Defendant's Motion for Reconsideration [doc. no. 111] is DENIED.

BY THE COURT,

/s/ _____, J.

cc: All Counsel of Record

4