IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REN JUDKINS, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> HT WINDOW FASHIONS CORP., : <br> A California corporation, : <br> : <br> Defendant. : | Case No.  2:07-cv-00251-GLL <br><br> Hon. Gary L. Lancaster |

**HT WINDOW'S MOTION *IN LIMINE* #11: TO PRECLUDE REFERENCE TO HT'S REDESIGN OF THE POLARIS SINGLE-CELL DEVICE**

  Defendant, HT Window Fashions Corp. ("HT"), respectfully moves this Court in limine for an Order precluding Plaintiff from presenting evidence and argument at trial that HT redesigned the Polaris Single-Cell Device or from arguing that the design change is an admission of or tends to prove infringement.  HT's redesign of its single-cell device is not relevant to any issue in this lawsuit, and reference to the redesign would unfairly prejudice HT and confuse the jury by suggesting that HT admitted its first-generation single-cell design infringed the '634 Patent.

  The device at issue in HT's declaratory judgment counterclaim of non-infringement of the '634 Patent is HT's <u>first-generation</u> single-cell Polaris product.  HT changed the design of the single-cell Polaris product after receiving infringement allegation letters from Plaintiff in 2005.  The details of this redesign are provided in HT's Answer (Dkt. #7-1 at 11) and HT's Opposition to Judkins' Motion to Dismiss Counterclaims (Dkt. #22 at 1-3).

  The parties agree that the second generation single-cell Polaris product currently sold by HT does not infringe the '634 Patent, and is not at issue here.  (Dkt. #22 at 1-2).  HT believes that its <u>first-generation</u> single-cell Polaris product, which is at issue, does not infringe the '634 Patent, and HT desires to continue to sell this product.

Evidence regarding HT's second-generation product is not relevant evidence under FRE 401 because it has no tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable. As such, evidence regarding the re-designed second-generation single cell Polaris product is not relevant and should be excluded under FRE 402.

Evidence of the first-generation design change would also unfairly prejudice HT to the extent that Plaintiff argues HT admitted its first-generation design infringed the '634 Patent. This is not the case.

HT never admitted its first-generation design infringed the '634 Patent. When HT received the May 2005 threat letter, the '634 Patent had not issued. To avoid potential disruption to its sales and future conflicts with Plaintiff, HT changed the design of its single-cell Polaris product. This design change was not an admission of infringement. In fact, HT did not even know what the claims of the '634 Patent would be when it changed the design, because those claims did not issue until January of 2007.

HT's redesign is not an admission of infringement, and evidence regarding the redesign would unfairly prejudice HT and confuse the jury. As such, it should be excluded under FRE 403 as well.

HT respectfully requests that the Court grant this motion in limine.

Dated: September 1, 2009         By:  /s/ Arne M. Olson
                                              Arne M. Olson
Joseph M. Kuo
Matthew D. Kellam
Olson & Cepuritis, Ltd.
20 North Wacker Drive, 36th Floor
Chicago, IL 60606
Telephone: (312) 580-1180
Fax: (312) 580-1189

Timothy P. Ryan
Wendy West Feinstein
Eckert Seamans Cherin & Mellott, LLC
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Telephone: (412) 566-5990
Fax: (412) 566-6099

Attorneys for Defendant HT Window Fashions Corp.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REN JUDKINS, : <br> : <br> Plaintiff, : <br> : Case No. 2:07-cv-00251-GLL <br> v. : <br> : Hon. Gary L. Lancaster <br> HT WINDOW FASHIONS CORP., : <br> A California corporation, : <br> : <br> Defendant. : | |

### CERTIFICATE OF MEET AND CONFER

In accordance with the Court's Case Management Order dated June 30, 2009 (Dkt. #119), the undersigned hereby certifies that counsel for the parties have conferred in a reasonable effort to reach an agreement regarding the issues that are the subject of this motion in limine but were unable to reach an agreement.

Counsel for the parties met and conferred by telephone on August 5 to discuss their respective positions and their potential compromises but did not reach agreement.

Dated: September 1, 2009        By:  /s/ Arne M. Olson
                                        Arne M. Olson
                                        Joseph M. Kuo
                                        Matthew D. Kellam
                                        Olson & Cepuritis, Ltd.
                                        20 North Wacker Drive, 36th Floor
                                        Chicago, IL 60606
                                        Telephone: (312) 580-1180
                                        Fax: (312) 580-1189

                                        Timothy P. Ryan
                                        Wendy West Feinstein
                                        Eckert Seamans Cherin & Mellott, LLC
                                        U.S. Steel Tower
                                        600 Grant Street, 44th Floor
                                        Pittsburgh, PA 15219
                                        Telephone: (412) 566-5990
                                        Fax: (412) 566-6099

                                        Attorneys for Defendant HT Window
                                        Fashions Corp.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **HT WINDOW'S MOTION *IN LIMINE* #11: TO PRECLUDE REFERENCE TO HT'S REDESIGN OF THE POLARIS SINGLE-CELL DEVICE** was sent via the Court's CM/ECF electronic filing system on September 1, 2009, to:

>Lynn J. Alstadt
>Buchanan Ingersoll & Rooney
>301 Grant Street, 20th Floor
>Pittsburgh, PA 15219-1410
>
>
>Attorney for Plaintiff
>Ren Judkins.

      /s/ Arne M. Olson
      One of the attorneys for
      Defendant HT Window Fashions Corp.