IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REN JUDKINS                        )
        Plaintiff,        )
                                   )
    v.                            )
                                   ) Civil Action No. 07-0251
HT WINDOW FASHIONS CORP.,          )
        Defendant.        )

ORDER

AND NOW, this 19th day of October, 2009, IT IS HEREBY ORDERED as follows:

Plaintiff's motion in limine No. 1 [doc. no. 120] To Preclude Attorney Lynn Alstadt as a Witness at Trial is DENIED;

Plaintiff's motion in limine No. 2 [doc. no. 122] To Exclude References and Testimony Concerning Failure to Cite the Ford Patents During Prosecution of the Patents in Suit is DENIED;

Plaintiff's motion in limine No. 3 [doc. no. 124] To Exclude The Purported Expert Testimony and Report of George Gerstman is DENIED;

Plaintiff's motion in limine No. 4 [doc. no. 126] To Exclude Evidence and Reference to the Illinois Litigation is DENIED;

Plaintiff's motion in limine No. 5 [doc. no. 128] To Exclude U. S. Patent Nos. 7,074,475 and 6,989,066 is DENIED;

Plaintiff's motion in limine No. 6 [doc. no. 130] To Preclude Defendant From Offering Evidence Concerning How the Accused Products Are Made is DENIED;

Plaintiff's motion in limine No. 7 [doc. no. 132] To Preclude Argument or Evidence Relating to Document Presented At Claim Construction Hearing is DENIED;

Plaintiff's motion in limine No. 8 [doc. no. 134] To Exclude References and Evidence Regarding Certain Lost Sales Alleged by HT is DENIED;

Defendant's motion in limine No. 1 [doc. no. 138] to Preclude Third Party Hearsay Testimony is GRANTED. Plaintiff has failed to satisfy his burden to establish the admissibility of the evidence, for at least the reasons that each of the witnesses, save Mr. Ford, is available by plaintiff's own admissions, that plaintiff has failed to show that the parties adverse to him in prior proceedings were predecessors in interest to or shared a community of interest with HT, and that the declarations and depositions, even if a part of public or business records, are admissible over a double hearsay objection. We note however, that certain of this evidence may be relevant at trial for purposes other than to prove the truth of the matters asserted therein, such as to prove that prior proceedings were not conducted as sham litigations.  The court will determine the

admissibility of such evidence for those purposes as it is presented at trial;

Defendant's motion *in limine* No. 2 [doc. no. 139] to Preclude Witnesses Not Identified in Rule 26 Disclosures is DENIED.  Specific objections as to the substance of these four witness's testimony will be ruled upon by the court in the course of trial as necessary;

Defendant's motion *in limine* No. 3 [doc. no. 140] to Preclude Reference that Supplier is a Taiwanese Corporation is DENIED;

Defendant's motion *in limine* No. 4 [doc. no. 141] to Preclude Evidence Regarding Preliminary Injunction Decision is GRANTED.  The Court of Appeals for the Federal Circuit has recognized that its findings and conclusions at the preliminary injunction stage are tentative, subject to change, and are not binding at a trial on the merits.  Belgium v. United States, 452 F.3d 1289, 1294 (Fed. Cir. 2006);

Defendant's motion *in limine* No. 5 [doc. no. 142] to Preclude Third Party Manufacturing Process Testimony of Miles, Judkins, or Corey is DENIED;

Defendant's motion *in limine* No. 6 [doc. no. 143] to Prevent Lynn Alstadt from Acting as Trial Counsel is GRANTED;

3

Defendant's motion in limine No. 7 [doc. no. 144] to Prevent Allegations of Willful Infringement is DENIED;

Defendant's motion in limine No. 8 [doc. no. 145] to Preclude Negative Inference from Lack of Manufacturing Data is DENIED, without prejudice. The court will assess the propriety of including adverse inference jury instructions based on HT's alleged failure to produce, and Judkin's alleged failure to attempt to obtain, Teh Yor evidence after testimony is received at trial;

Defendant's motion in limine No. 9 [doc. no. 146] to Preclude Presenting Evidence of Ownership of HT Window Fashions is DENIED;

Defendant's motion in limine No. 10 [doc. no. 147] to Preclude Argument of Literal Infringement is DENIED;

Defendant's motion in limine No. 11 [doc. no. 148] to Preclude Reference to Single-Cell Redesign is GRANTED pursuant to Federal Rule of Evidence 407;

Defendant's motion in limine No. 12 [doc. no. 149] to Preclude Reference to Devices Used or Made by Plaintiff or Licensees is GRANTED to the extent the references would be used to prove infringement, but DENIED to the extent the references would be relevant for any other purpose. The court will assess the admissibility of particular references in the

4

context of trial, and will issue appropriate limiting or curative instructions to the jury as necessary;

Defendant's motion in limine No. 13 [doc. no. 150] to Preclude Evidence or Argument About Interference Board Invention Date is GRANTED, as no invention date was ever established during the interference proceedings and as any decisions reached by the board are not binding on this court. Noelle v. Lederman, 355 F.3d 1343, 1350 (Fed. Cir. 2004);

Defendant's motion in limine No. 14 [doc. no. 151] to Limit Invention Date to Responses to Interrogatories 14, 17, and 22 is GRANTED, although the court notes that plaintiff's discovery responses are broader than as represented in HT's motion;

Defendant's motion in limine No. 15 [doc. no. 152] to Preclude Plaintiff from Presenting Invention Date Evidence for '120 Patent is DENIED;

Defendant's motion in limine No. 16 [doc. no. 153] to Preclude Plaintiff from Presenting Invention Date Evidence for '634 Patent is DENIED;

Defendant's motion in limine No. 17 [doc. no. 154] Patent Examiner Knowledge is GRANTED, IN PART. The prosecution history documents, once proven admissible, will speak for themselves, and can be the basis for each party's arguments

on this disputed fact.  However, hearsay testimony regarding examiner statements, and references to the Court of Appeals for the Federal Circuit's prior opinion in this case will not be admissible to prove examiner knowledge;

Defendant's motion in limine No. 18 [doc. no. 155] to Limit Greater than 2% Royalty is DENIED;

Defendant's motion in limine No. 19 [doc. no. 168] to Limit Evidence of Commercial Success is DENIED.  The court cannot determine prior to the presentation of evidence whether plaintiff will prove the required nexus;

Defendant's motion in limine No. 20 [doc. no. 156] Limitation on Doctrine of Equivalents is DENIED.  The jury will be properly instructed on the doctrine of equivalents in accordance with this court's prior decisions and rulings, provided such instruction is deemed warranted based on the record at trial;

Defendant's motion in limine No. 21 [doc. no. 157] to Limit Reference to Judge's Activities is GRANTED, as to statements allegedly made by Judge Lancaster regarding the possibility of settling the Newell case;

Defendant's motion in limine No. 22 [doc. no. 158] to Preclude Derivation Evidence and Arguments is DENIED;

Defendant's motion in limine No. 23 [doc. no. 159] to Preclude Lay Witness Testimony is DENIED.  The identified witnesses will be permitted to testify at trial.  Objections to the form or content of their testimony will be ruled on in response to specific objections made at trial;

Defendant's motion in limine No. 24 [doc. no. 160] to Limit Use of Yang Deposition is DENIED;

Defendant's motion in limine No. 25 [doc. no. 161] Preclude Manufacturing Process Evidence is DENIED;

Defendant's Motion for Leave to File Supplemental Pre-trial Statement [doc. no. 203] is GRANTED;

Plaintiff's motion for Leave to File Supplemental Pre-Trial Narrative Statement [doc. no. 205] is GRANTED;

Plaintiff's first motion for Leave to File Second Supplemental Pre-Trial Narrative Statement and Exhibit List [doc. no. 207] is GRANTED; and

Plaintiff's motion for Leave to File Third Supplemental Pre-Trial Narrative Statement is GRANTED.

BY THE COURT:

_____, J.

cc: All Counsel of Record