IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REN JUDKINS<br>        Plaintiff,<br><br>    v.<br><br>HT WINDOW FASHIONS CORP.,<br>        Defendant. | Civil Action No. 07-0251 |

## ORDER

AND NOW, this 22nd day of October, 2009, IT IS HEREBY ORDERED as follows:

Based on the representations of counsel at the pre-trial conference, as well as at prior conferences with the court, and in accordance with prior orders of this court [doc. no. 119], trial of this matter will be limited to eight (8) trial days total, to be split evenly between the parties. Such time will begin to run with the parties' opening statements and will run through the parties' closing arguments.

Counsel are directed to provide the court at the 9:00 a.m. conference on the day that an expert witness is expected to testify a one page (8.5 by 11 inches) summary of the expert witness's qualifications and background. The court will read the summary to the jury before questioning of the expert witness begins. The summary shall be given to opposing counsel by the close of business on the day prior to said expected testimony.

Counsel are advised of the following procedure. Prior to beginning the examination of a witness, counsel who will question the witness on direct examination will read to the jury a short document (1-2 minutes) that will summarize the witness's background, explain his or her role in the case, and list the topics on which he or she will testify. Such documents are intended to help the jurors place the upcoming testimony in context and understand the case. Such summaries shall not be used to present lawyer argument to the jury. The summary shall be given to opposing counsel by the close of business on the day prior to said expected testimony.

Counsel are directed to jointly file with the court no later than 11:00 a.m. on Thursday, October 29, 2009 the contents of a juror's notebook. Those matters on which there is disagreement shall be noted in detail in a paper filed contemporaneously with said notebook contents. The court will resolve such disputed matters prior to the commencement of trial. The notebook shall contain the following elements:

1) A glossary of patent terms relevant to this case. In this regard, the parties are directed to the glossary available on the U.S. Patent and Trademark Office website, http://www.uspto.gov/main/glossary/.

      2) A list or chart setting forth the terms that have been construed by the court in this matter.

      3) A copy of the two patents in suit.

      4) A witness list for each party, which shall include the witness's name and his or her role in the case. For example, <u>Ren Judkins</u> - Owner of the '120 Patent and the '634 Patent; or <u>Greg Miles</u> - HT's Vice President of Marketing and Sales. The parties may include photographs of the witnesses if they desire to aid in the jurors' recollection.

      5) A listing of each party's legal claims. The list shall not include the elements of the legal claims, and shall not include argument or evidence regarding any claim. Instead, the list shall simply set forth the claims that each party will be pressing at trial. For instance:

> 1) HT contends that it does not infringe the '120 Patent or the '634 Patent, either literally or under the doctrine of equivalents.
>
> 2) HT contends that the '120 and '634 Patents are invalid because their inventions were obvious.
>
> 3) HT contends that the '120 and '634 Patents are invalid because their inventions were abandoned by Mr. Judkins.

4) HT contends that Mr. Judkins engaged in unfair competition, interference with prospective contract, business disparagement, and trade libel by sending out letters accusing HT of infringing his patents.

BY THE COURT:

*[signature]*

cc:   All Counsel of Record