IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REN JUDKINS,<br>      Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 07-0251 |
| HT WINDOW FASHIONS CORP.,<br>      Defendant. | )<br>)<br>) |

MEMORANDUM ORDER

This is an action in patent infringement. Judkins has filed a motion for redaction of trial transcripts [doc. no. 272]. Judkins is correct that an order of court is required before a court reporter can redact trial transcripts on the basis that they reveal confidential business information. In his motion, apart from describing the testimony sought to be redacted as "contain[ing] confidential business information" Judkins has not even attempted to make a showing that the information satisfies any applicable legal standard. However, we need not reach that substantive issue in order to dispose of the motion.

As Judkins acknowledges, most of the information he seeks to redact was revealed in open court. No motion was made to seal the courtroom during the testimony. Appx. LPR 2.2 at ¶ 13. Any member of the public could have entered the courtroom during the trial. Trials in federal court are public. So too are the records of those trials.

As such, we deny Judkins's request to redact the following transcript selections:

    Nov. 3, 2009 [doc. no. 253]:
        p. 38, lns. 24-25
        p. 39, lns. 1-2, 9-10, 14 and 16-17
        p. 51, lns. 18-22
        p. 82, lns. 3-22

    Nov. 10, 2009 [doc. no. 255]:
        p. 57, lns. 21-23

    Nov. 12, 2009 [doc. no. 256]:
        p. 100, ln. 17
        p. 101, lns. 2-4 and 18
        p. 133, ln. 8 - p. 134, ln. 1

Although plaintiff does not raise this issue, we note that some of the requested redactions reflect discussions that occurred in the court's chambers, or at side bar. Although these interactions were not revealed in open court during the trial, the court specifically cited to them in its recent memorandum when overruling HT's objection to the relevancy of the Nien Made licensing agreement [doc. no. 269 at 8 n.1]. Judkins offered that agreement into evidence at trial, and opposed HT's efforts to exclude it. Because Judkins himself offered the agreement at trial and because this court relied on those interactions in overruling HT's objections in post-trial motions, it would be inappropriate to redact them from the trial transcripts at this juncture.

As such, we deny Judkins's request to redact the following transcript selections:

>Nov. 2, 2009 [doc. no. 254]:
>p. 20, lns. 24-25
>p. 21, lns. 14-16 and 19-22
>
>Nov. 3, 2009 [doc. no. 253]:
>p. 51, lns. 4-5

BY THE COURT,

_____, C.J.

cc:   All Counsel of Record

DATED: APRIL 24, 2010