IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REN JUDKINS,                    )
        Plaintiff,               )
                                 )
    v.                           ) Civil Action No. 07-0251
                                 )
HT WINDOW FASHIONS CORP.,        )
        Defendant.               )

MEMORANDUM

Gary L. Lancaster,                      July 8, 2010
Chief Judge.

This is an action in patent infringement. We entered orders ruling on various post-trial motions and issuing a permanent injunction on March 31, 2010. Before the court are three motions filed by HT seeking relief from those orders: (1) motion for stay, or modification, of the permanent injunction [doc. no. 273]; (2) motion to vacate the permanent injunction [doc. no. 274]; and (3) motion to vacate finding of literal infringement [doc. no. 275]. For the reasons set forth below, we will modify the permanent injunction pending appeal pursuant to Federal Rule of Civil Procedure 62(c) to exclude the recall of double-celled products sold by HT on or prior to October 8, 2009. In all other respects the motions will be denied.

A detailed summary of the factual, technical, and procedural background of this case can be found in prior opinions of this court, and the Court of Appeals for the

Federal Circuit, should the reader require such background. [doc. nos. 28, 55, 60, 109, 117, and 269].

I. Rule 62(c): Motion to Stay or Modify Permanent Injunction

HT moves, pursuant to Federal Rule of Civil Procedure 62(c) for an order staying enforcement of the permanent injunction pending appeal, or, alternatively, modifying the injunction pending appeal to exclude the recall provision. Rule 62(c) permits a district court to "suspend, modify, restore, or grant" an injunction while an appeal is pending. Fed. R. Civ. P. 62(c). For the reasons that follow, we will deny the motion to stay enforcement of the injunction, but will grant the motion to modify the injunction as to infringing products sold on or before October 8, 2009.

We will consider each form of relief requested by HT pursuant to Rule 62(c) separately below.

A. Motion to Stay Injunction

In determining whether to stay enforcement of a permanent injunction, we must consider the four factors set forth in Hilton v. Braunskill, 481 U.S. 770 (1987). These factors are: (1) a likelihood of success on the merits; (2) irreparable harm to HT absent a stay; (3) substantial injury

to Judkins if a stay were issued; and (4) the public interest. Id. at 776-77. The Court of Appeals for the Federal Circuit has stated that the Hilton factors "effectively merge" such that a court "...assesses movant's chances for success on appeal and weighs the equities as they affect the parties and the public." Standard Havens Products, Inc. v. Gencor Industries, Inc., 897 F.2d 511, 513 (Fed. Cir. 1990). Upon consideration of those factors, we find that a stay of the injunction pending appeal is not warranted in this case.

HT contends that it has a strong chance of prevailing on appeal because the permanent injunction was not warranted under eBay Inc. v. MercExchange, LLC, 547 U.S. 388 (2006) and because the jury's verdict of literal infringement of the '120 Patent was not supported by sufficient evidence. [doc. no. 277 at pp. 10-13]. However, other than stating its disagreement with the conclusions reached by the court and the jury, HT has provided no support for its position. We find that, under the standards of review that will be applied by the court of appeals, there is no basis on which to find that HT has a particularly strong chance of succeeding on appeal on either of its arguments as to why this court should not have issued a permanent injunction.

We also find that an assessment of the respective interests of the parties and the public in immediate enforcement of the injunction weighs against ordering a stay. According to HT, the permanent injunction should be stayed because its immediate enforcement will cause it irreparable harm in the form of lost sales of non-infringing products, and erosion of its customer base. HT also claims that the injunction should be stayed pending appeal because Hunter Douglas has issued press releases misrepresenting the scope of the injunction. However, HT has offered insufficient evidence in support of these allegations of harm.

Mr. Miles's declaration statements that the inability to sell the infringing double-celled products "will most likely hurt HT's ability to sell single-cell products as well" and that "it is generally very difficult" to get a potential customer to buy products from HT if he forms a relationship with another supplier fall short of establishing irreparable harm to HT should the injunction be enforced pending appeal. Other than making these generalized and conclusory predictions, Mr. Miles provides no evidence of lost sales to date of non-infringing products or of lost potential customers due to an inability to offer double-celled products. Moreover, Mr. Miles fails to address the possibility of offering a replacement double-celled product,

4

which appears to be a viable option for alleviating the asserted harms. The declaration, standing alone, does not support HT's claims that it will suffer immediate and irreparable harm were the injunction not stayed pending appeal.

Hunter Douglas's press release likewise does not support HT's allegations of harm to its sales of non-infringing products or erosion of its customer base. Although carefully crafted, the press release does not state that the injunction applies to single-celled products, nor otherwise misrepresent its scope. HT has provided no other evidence that Hunter Douglas, as Judkins's licensee, has been informing members of the industry that the injunction applies to HT's single-celled products.

The fact that HT must educate its customer base on the exact scope of the injunction does not equate to irreparable harm to HT by immediate enforcement of the injunction pending appeal. Moreover, as Judkins appropriately points out, any harm to HT is as a result of the risks it bore by selling products adjudicated to infringe Judkins's patent.

In comparison, were the injunction stayed pending appeal, Judkins would suffer substantial injury. Contrary to HT's allegations, the jury's verdict does not establish a

royalty rate that should be applied to HT's post-trial sales of infringing product. As such, allowing HT to sell infringing product while the cross-appeals are pending before the Court of Appeals for the Federal Circuit would cause Judkins to suffer financial harms because there is no royalty rate to apply to future sales of the infringing product. It would also cause injury to Judkins's reputation and standing in the industry, as we have discussed previously. [doc. no. 269 at pp. 7-9]. We have already considered HT's position on the issue of harm to Judkins, and find nothing in HT's reiteration of its position now that would warrant a departure from our previous findings.

Finally, we are not convinced by HT's argument that the public interest would be harmed were the injunction not stayed pending appeal due to Hunter Douglas's dominant market position and patent misuse. HT has offered no evidence to support its allegations, and regardless, HT never made such allegations in this case against Judkins, nor sought to add any of his licensees as parties. We again find that the public interest favors enforcing the injunction against the continued sale of infringing products.

In conclusion, the <u>Hilton</u> factors weigh against staying enforcement of the permanent injunction pending appeal.

B.  Motion to Modify Injunction

In the alternative, HT contends that the recall provision should be excised from the permanent injunction, at least for those products sold on or prior to October 8, 2009. Although not explicitly recognizing this distinction, HT is seeking relief pursuant to Rule 62(c), and, as such, can only obtain a modification to the recall provision pending appeal. [doc. no. 273 at p. 2; doc. no. 277 at pp. 6-7]. HT weaves its modification request among its argument seeking a stay of the permanent injunction in its entirety, but the analysis is different. Upon applying the Hilton factors to this request for relief, we reach a different conclusion and find that it is appropriate to modify that portion of the permanent injunction order that requires HT to recall product that was sold on or prior to October 8, 2009, pending appeal. In all other respects, the recall provisions of the permanent injunction entered on March 31, 2010 shall remain unaltered and in effect pending appeal.

As to the first Hilton factor, we find that HT has a strong likelihood of succeeding on its appeal challenging the requirement of recalling product sold prior to October 9, 2009. The jury was instructed to award monetary damages, if appropriate, for sales beginning on February 27, 2007. The parties agree that the evidence submitted to the jury

accounted for sales up to and including October 8, 2009. The jury awarded Judkins $154,776.04.

HT now contends that the jury's verdict compensated Judkins for all infringing sales occurring between February 27, 2007 and October 8, 2009, and also established a royalty rate of 8.75% for all future infringing sales. Therefore, according to HT, Judkins is not entitled to a recall of any products sold by HT to date. Instead, according to HT, Judkins is entitled to payment of the jury's damages award for all sales occurring prior to October 9, 2009, and to an additional award equal to 8.75% of any sales occurring after that date.

While we conclude that HT has a reasonable likelihood of succeeding on its argument that the jury's damages award compensated Judkins for all sales occurring prior to October 9, 2009, making a recall order as to those products unwarranted, we do not conclude that HT is likely to prevail on its argument that the jury set a royalty rate of 8.75% for all sales made by HT after that date.

HT has now provided the court with some legal authority in support of the general statement it made in opposition to Judkins's motion for a permanent injunction that ordering the recall of products for which the jury has already awarded damages would result in a double recovery.

[compare doc. no. 232 at pp. 16-17 with doc. no. 277 at p. 6]. In the single case now cited by HT, the Court of Appeals for the Federal Circuit stated that "[h]aving been awarded full compensation for the making and using of existing infringing thickeners, therefore, Amstar is not entitled to enjoin their use." Amstar Corp. v. Envirotech Corp., 823 F.2d 1538, 1549 (Fed. Cir. 1987).

The court has independently located cases in which various courts have applied this general principle to avoid double recovery problems caused by awarding both damages and injunctive relief as to the same infringing product. See e.g., Innogenetics, N.V. v. Abbott Laboratories, 512 F.3d 1363, 1380 (Fed. Cir. 2008) (finding the entry of an injunction against future sales to be an abuse of discretion where reasonable royalties awarded by jury included "...an upfront entry fee...based upon future sales..."); Aero Products Int'l, Inc. v. Intex Recreation Corp., 2004 WL 2091996, *1 (N.D. Ill. Sept. 16, 2004) ("...any injunction entered will not preclude the resale of infringing products for which Intex has already paid damages..."); Odetics, Inc. v. Storage Technology Corp., 14 F.Supp.2d 785, 788-89 (E.D. Va. 1998) ("Once the jury required STK to pay damages for the sale of these thirty systems, there arose an implied license as to them."); compare Transamerica Life Ins. Co. v. Lincoln

Nat. Life Ins. Co., 625 F.Supp.2d 702, 717-18 (N.D. Ia. 2009) (distinguishing application of double recovery rule to products that infringe an apparatus claim from products that continue to infringe, through continued practice, a method claim), reversed on other grounds, Lincoln Nat. Life Ins. Co. v. Transamerica Life Ins. Co., 2010 WL 2509909 (Fed. Cir. Jun. 23, 2010).

This authority provides HT with a fairly strong likelihood that it will succeed on appeal in challenging this court's permanent injunction to the extent it requires HT to recall product that was sold prior to October 9, 2009 because the jury awarded damages for these sales already. However, this authority does not provide HT with a reasonable likelihood of success in challenging the recall provisions of this court's permanent injunction as applied to product sold by HT after October 8, 2009 because the jury did not award damages for those sales, nor set a royalty rate for future sales. This authority also does not provide HT with a reasonable likelihood of success in challenging this court's order requiring the recall of marketing materials and sample books.

Our conclusion regarding the likelihood of success factor informs our consideration of the remaining Hilton factors. HT would suffer irreparable harm pending appeal if

10

required to recall the products sold prior to October 9, 2009 for which it is already obligated to pay damages. Judkins would suffer no injury in not obtaining an immediate recall of products for which the jury has already awarded him damages. Finally, the public interest weighs in favor of not awarding double recovery to patent owners.

However, HT would not suffer irreparable harm pending appeal if required to recall product sold after October 8, 2009, and related marketing and sales materials pending appeal; infringements for which HT has not already compensated Judkins. Regardless, any harm that HT would suffer in this instance would be a result of HT's decision to take a high risk in continuing to sell potentially, and then, actually, infringing products. Judkins would suffer financial and reputational injuries, as previously discussed, if he were unable to obtain a recall of those products for which the jury has not already awarded damages. Finally, the public interest weighs in favor of protecting patent owners from further infringements, for which they have not been previously compensated.

In conclusion, we find that the <u>Hilton</u> factors weigh in favor of granting HT's request that we modify the injunction pending appeal to remove the requirement that HT

recall product it sold prior to October 9, 2009.[1] However, HT must still recall those products sold after October 8, 2009, and all sales and marketing materials in accordance with the March 31st permanent injunction order, and this court's April 26th order granting an extension of time. [doc. no. 279].

HT shall direct its customers, sales staff, and distributors to segregate product purchased from it prior to October 9, 2009 and store it in an appropriate location pending appeal of this matter before the Court of Appeals for the Federal Circuit. HT shall direct its customers, sales staff, and distributors to return to it all product sold to them by HT after October 8, 2009. If the customer, sales agent, or distributor is unable to determine when it obtained particular product from HT, HT shall direct them to presume that the product was acquired after October 8, 2009 and return to it to HT. HT shall direct its customers, sales staff, and distributors to return all brochures, catalogues, price books, samples, and other materials in accordance with the March 31, 2010 permanent injunction order.

---

[1] In order to obtain this modification, HT must either pay the $154,776.04 judgment, or seek relief pursuant to Federal Rule of Civil Procedure 62(d). Should HT chose to do neither, our modification of the injunction pending appeal shall be ineffective.

## II. Rule 60(b): Motions to Vacate

HT also moves, pursuant to Federal Rule of Civil Procedure 60(b), for an order vacating the permanent injunction on the ground that Judkins cannot obtain equitable relief because he comes to court with unclean hands and on the ground that the jury's verdict of literal infringement was not supported by sufficient evidence. We find that HT is not entitled to relief on either basis.

As an initial matter, although neither party raises the issue, we must address the current procedural posture of these motions in light of the fact that both HT and Judkins have filed notices of appeal. The court entered its order disposing of post-trial motions and entering a permanent injunction on March 31, 2010. HT filed motions seeking relief under Federal Rule of Civil Procedure 60 on April 23, 2010. HT then filed its notice of appeal five days later on April 28, 2010. Judkins filed his notice of appeal on May 11, 2010. Under Federal Rules of Appellate Procedure 4(a)(4)(A)(vi) and 4(a)(4)(B)(i) these notices of appeal may not yet be effective.[2] If the notices of appeal are not yet effective, then this court has jurisdiction to rule on the pending Rule 60(b) motions.

---

[2] However, we note that the appeals have been docketed at the Court of Appeals for the Federal Circuit, and a deadline for HT's "blue brief" has been set.

13

If, however, the notices of appeal are effective, then this court can only deny the Rule 60(b) motions. Typically the filing of a notice of appeal automatically transfers jurisdiction from the district court to the appellate court. Main Line Fed. Savs. & Loan Assoc. v. Tri-Kell, Inc., 721 F.2d 904, 906 (3d Cir. 1983); Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985). However, in the case of a motion filed under Rule 60(b), the district court retains jurisdiction to consider and deny, but not grant, the motion. Fed. R. Civ. P. 62.1(a)(2); United States v. Contents of Accounts Numbers 3034504504 and 144-07143 at Merrill Lynch, Pierce, Fenner and Smith, Inc., 971 F.2d 974, 988 (3d Cir. 1992) (quoting Main Line)); Venen, 758 F.2d at 123; Sea Star Line, LLC v. Emerald Equipment Leasing, Inc., 2009 WL 3805569, *4 (D. Del. Nov. 12, 2009); see Ginsburg v. Birenbaum, 2008 WL 2073975 at *1-2 & n.3 (W.D. Pa. May 14, 2008) (collecting cases). Because we find no basis on which we would grant HT the relief it requests, we can consider and deny both motions.

"The general purpose of Rule 60, which provides for relief from judgments for various reasons, is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Sec'y of Health, Educ. & Welfare, 572

14

F.2d 976, 977 (3d Cir. 1978). The Court of Appeals for the Third Circuit "view[s] Rule 60(b) motions as 'extraordinary relief which should be granted only where extraordinary justifying circumstances are present.'" Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991) (quoting Plisco v. Union R.R. Co., 379 F.2d 15, 16 (3d Cir. 1967)); see also Boughner, 572 F.2d at 977 ("[R]elief from a judgment under Rule 60 should be granted only in exceptional circumstances"). Thus, "[t]he movant under Rule 60(b) bears a heavy burden...." Bohus, 950 F.2d at 930 (internal quotations marks and citations omitted).

Here, HT seeks to vacate the court's entry of a permanent injunction because Judkins had unclean hands and to vacate the jury's finding of literal infringement because it was not supported by sufficient evidence. We addressed the latter argument in post-trial motions and need not address it in detail again. Putting aside any analysis of the jury instructions, our claim construction itself accounted for the single sheet of material limitation. As we found in post-trial motions, the jury had sufficient evidence on which to base its finding of literal infringement.

As for the former argument, HT did not oppose entry of the injunction on the ground that Judkins had unclean

15

hands, and to that extent has waived the argument. To the extent HT bases its unclean hands argument on statements made by this court in its March 31, 2010 opinion, nothing therein holds that Judkins is ineligible for equitable relief. This is evidenced by the fact that, in that opinion, we concluded that Judkins did not engage in inequitable conduct and granted Judkins equitable relief.

In conclusion, there is no basis on which this court would grant HT any relief under Rule 60(b), and therefore we deny the motions, regardless of any questions surrounding our authority to grant them due to the pending appeals. Fed. R. Civ. P. 62.1(a)(2).

### III. Conclusion

For the foregoing reasons, we grant HT's request that we modify the recall provision of the permanent injunction pending appeal as to products sold prior to October 9, 2009. In all other respects we deny HT's motions.

An appropriate order will be entered contemporaneously with this opinion.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REN JUDKINS,
    Plaintiff,

v.      Civil Action No. 00-0251

HT WINDOW FASHIONS CORP.,
    Defendant.

ORDER

AND NOW, this 8th day of July, 2010, IT IS HEREBY ORDERED as follows:

HT's Motion to Stay or Modify the Permanent Injunction Pending Appeal [doc. no. 273] is GRANTED, in part, in accordance with the opinion filed contemporaneously herewith;

HT's Motion to Vacate Permanent Injunction [doc. no. 274] is DENIED; and

HT's Motion to Vacate Finding of Literal Infringement [doc. no. 275] is DENIED.

BY THE COURT,

/s/ C.J.

cc: All Counsel of Record