IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REN JUDKINS,  )
    Plaintiff  )
                                                                                                  )
    v.  )    Case No. 2:07-cv-251
                                                                                                  )
HT WINDOW FASHIONS CORP.,  )
    Defendant  )

TAXATION OF COSTS

On November 18, 2009, following a jury trial, judgment was entered in favor of the plaintiff and against the defendant. A verified Bill of Costs was filed by the plaintiff and taxing was deferred, since appeals were filed to the United States Court of Appeals for the Federal Circuit. The district court has been affirmed and objections have been filed by the defendant.

Therefore, after consideration of the Bill of Costs, the objections thereto, and a review of the record, the Clerk makes the following findings:

    **1.** The plaintiff is the recovering party and is entitled to costs.

    **2.** The filing fee is allowed in the amount of **$350.00** pursuant to 28 U.S.C. §1920(1).

    **3.** The fees for the process server are disallowed, since service was not made by the United States Marshal. See Cofield, et al. v. Crumpler, et al., 179 F.R.D. 510, 515-516. Until the Third Circuit rules on this issue, the above case has been historically cited in this district.

    **4.** After a review of the trial witness list, the fees for deposition and video transcripts will be taxed in the reduced amount of **$10,779.05** (the deposition transcripts of James Miller and John

Miles are denied, since their videos were introduced at trial). This amount also includes only the trial transcript of November 5, 2009 in the amount of $668.50, since it appears to have been ordered for appeal purposes, but the "expedited costs" are disallowed since it was not ordered by the Court. All other fees for trial transcripts and hearings are denied since they were not ordered by the Court, and appear to have been ordered for the convenience of counsel.

5. The travel costs to attend depositions by counsel are disallowed since these costs are not taxable pursuant to 28 U.S.C. §1920.

6. The witness fees will be taxed as follows: Caplan, Miller and Presdorf in the amounts of **$44.85, $46.00 and $51.00** respectively. The expert fees of John Corey will be taxed in the reduced amount of **$1,110.38**, since he was not a court appointed expert and is only entitled to the same fee as any other witness. Lodging taxes are separately itemized from lodging and per diem for government travel in the judiciary, so those amounts will be allowed.

7. The fees for costs incurred in connection with document requests for use in the case are disallowed, as in this district, they are considered normal office expense and part of the costs of litigating. See Krouse v. American Sterilizer Company, 928 F.Supp. 543 (W.D. Pa. 1996). Prior Court approval is also required for using trial exhibit boards. Costs to convert video and transcripts into Trial Director for use at trial is also disallowed, since it was prepared for the convenience of counsel. The costs for Trial Exhibits will be taxed in the amount of **$1,716.72** since there was no objection and the costs for prosecution histories are reduced by $100.00 and taxed in the reduced amount of **$1,785.40** pursuant to 28 U.S.C. §1920(4).

Therefore, costs are taxed this 23rd day of August, 2011 in the amount of **$15,883.40** in favor of the plaintiff, Ren Judkins and against the plaintiff, HT Window Fashions Corp. and are included in the judgment.

You are advised that any determination of costs by the Clerk may be reviewed by the Court upon motion served within **seven** days thereafter, under Rule 54(d) of the Federal Rules of Civil Procedure.

    *s/ R.V. BARTH, JR.*

Robert V. Barth, Jr.
Clerk of Court

cc: Counsel